COBB, Judge.
Ronald Calvin McHarris, the appellant, appeals the summary dismissal of his petition for post-conviction relief brought pursuant to Rule 32, A.R.Crim.P. He contends in his Rule 32 petition and on this appeal that his sentence (life in the penitentiary without the possibility of parole) was the result of improper enhancement because, he says, the enhancement was based on a prior conviction resulting from a plea of nolo con tendere. The trial court’s summary dis *259 missal of the appellant’s petition on the basis of Rule 32.2(b), which bars certain successive petitions, and Rule 32.2(c), which bars the raising of certain issues after a two-year limitations period, was reversible error. The State concedes on appeal that this ease should be remanded to circuit court because “prior felony convictions based upon pleas of nolo contendere cannot be used in Alabama to enhance a sentence for purposes of applying the Habitual Felony Offender Act (Code of Alabama 1975, § 13A-5-9).” Averett v. State, 640 So.2d 2 (Ala.Cr.App.1994) (citing Davis v. State, 507 So.2d 1023 (Ala.Cr.App.1986)). “Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.” Hunt v. State, 659 So.2d 998, 999 (Ala.Cr.App.1994) (citing Jones v. State, 585 So.2d 180,181 (Ala.CrApp.1991)).
“[T]he period of limitations set forth in Rule 32.2(c), AR.Crim.P., applies only to the grounds specified in Rule 32.1(a) [constitutional issues], (e) [newly discovered facts], and (f) [failure to timely appeal without fault on the petitioner’s part]. The ground stated in Rule 32.1(b), that ‘[t]he court was without jurisdiction to render judgment or to impose sentence,’ is not subject to the two-year period of limitations of Rule 32.2(c) under the very language of Rule 32.2(c) itself. Thei’efore, the appellant can correctly raise the ground stated in Rule 32.1(b) after the two-year period of limitations has expired. See Davis v. State, 571 So.2d 1287 (Ala.Cr.App.1990).”
Lancaster v. State, 638 So.2d 1370,1373 (Ala.Cr.App.1993) (emphasis original; footnotes omitted).
Regarding summary dismissal pursuant to Rule 32.2(b), this court has held that “ ‘before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits.’ ” Ladd v. State, 577 So.2d 926, 927 (Ala.Cr.App.1990), cert. denied, 577 So.2d 927 (1991), (quoting Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990)). The trial court made no determination, and the record does not reflect, whether the appellant’s present claim had been adjudicated on the merits in previous petitions for post-conviction relief.
We reverse the trial court’s judgment summarily dismissing the appellant’s Rule 32 petition and remand this case in order for the trial court to conduct a hearing on the appellant’s Rule 32 petition to determine whether the appellant’s sentence was improperly enhanced by the use of a conviction resulting from a plea of nolo contendere. The trial court shall make specific findings of fact relating to the issue pursuant to Rule 32.9(d), Ala.R.Crim.P. Should the trial court determine that the appellant’s sentence was improperly enhanced, then a new sentencing hearing must be conducted at which no conviction based upon a plea of nolo contendere is to be used for enhancement. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 90 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.