COBB, Judge.
On May 24, 2004, John Edward Beavers filed a Rule 32, Ala. R.Crim. P., petition, his second. See Beavers v. State (No. CR-99-0732), 805 So.2d 799 (Ala.Crim.App. 2000) (table). On June 8, 2004, the State filed a motion for summary disposition, asserting numerous grounds. On June 11, 2004, the trial court summarily denied Beavers’s petition, by noting in the record: “[State’s] motion is granted, Rule 32 Petition dismissed.” (C. 19.) Beavers now appeals from the trial court’s summary disposition of his postconviction petition.
In his petition, Beavers raised a single issue — whether the trial court lacked subject-matter jurisdiction over him in 1976 when he was convicted of four counts of burglary in the second degree. Beavers contended that, when the burglaries were committed, he was 16 years of age. Therefore, Beavers argued, the trial court was required to ascertain whether he was a “child” and thus subject to the jurisdiction of the juvenile court under § 12-15-33(a), Ala.Code 1975, and the trial court’s failure to do so violated the mandate of the Alabama Supreme Court set forth in Ex parte Ward, 540 So.2d 1350 (Ala.1988). (C. 15-16.) According to Beavers’s petition, on July 28, 1976, he was convicted of four counts of burglary in the second degree and was sentenced to imprisonment for three years, two and one-half years, two years, and one and one-half years, respectively.[1] (C. 6.)
*1197 On appeal, Beavers contends that the trial court erred by not stating the factual basis for denying his Rule 32 petition and that he was entitled to an eviden-tiary hearing on his Rule 32 petition. In essence, Beavers requests that we remand this case for a hearing to determine whether the trial court lacked subject-matter jurisdiction of his case in 1976 and whether, accordingly, his prior convictions are due to be set aside.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999).
In Ward, 540 So.2d at 1352-53, the Alabama Supreme Court noted that Alabama’s current statutes relating to juveniles, §§ 12-15-1 to -102, Ala.Code 1975, became effective October 10, 1975. The Court stated that if a defendant was charged with a crime that occurred after October 10, 1975, and the defendant was under the age of 17 years, the trial court was required to determine the juvenile status of the defendant. Absent such a determination, a trial court lacked subject-matter jurisdiction.
The State in its motion for summary disposition in the present case stated: “Two of the four convictions that the petitioner complains of and to which the Petitioner confessed, were committed prior to October 10, 1975, the effective date of Act No. 1205 which raised the age for juvenile to ‘under seventeen.’ Therefore, the Court had original jurisdiction.” (C. 17.) The State does not indicate whether the other two crimes occurred before or after October 10, 1975, and we are unable to make this determination from the record before us. We are also unable to determine Beavers’s age as of October 10, 1975 (or at the time the crimes occurred). As the State notes in its brief, Beavers’s birth date is indicated in the record as May 16, 1956, in one place, and May 16, 1959, in another. (C. 1, 3.) His date of birth is critical to determining whether he has standing to raise the claim he presently asserts.
We note that Beavers raised a similar argument in his first Rule 32 petition. We affirmed the trial court’s summary dismissal of his first petition because, we determined, Beavers had failed to adequately plead his claim to indicate that he was entitled to relief.[2] See Beavers v. State (CR-99-0732), 805 So.2d 799 (Ala.Crim.App.2000) (table). Beavers’s present Rule 32 petition, while not as clear as it could be, avers that Beavers was 16 years of age when the underlying offenses were committed and, thus, does sufficiently state a claim that, if true, would entitle him to relief. “After facts are pleaded, which, if true entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts.” Boyd v. State, 913 *1198 So.2d 1113, 1125 (Ala.Crim.App.2003) (emphasis omitted).
Because the claim asserted by Beavers challenges the subject-matter jurisdiction of the trial court, the procedural bars of Rule 32.2, Ala. R.Crim. P., do not preclude his petition. Jurisdictional claims are “not precluded by the limitations period or by the rule against successive petitions.” Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App.1998). The trial court’s summary dismissal of Beavers’ petition was, thus, error.
We hereby reverse the trial court’s summary dismissal of Beavers’ postconviction petition and remand this case to the trial court with directions that proceedings be conducted in accordance with this opinion. The trial court shall determine the date the offenses occurred and Beavers’s age at the time of the offenses, in order to ascertain if any or all of the 1976 burglary convictions are due to be set aside. The trial court shall take appropriate measures in accordance with this opinion and shall make due return of this case within 70 days of the date of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS. 
McMILLAN, PH., and BASCHAB, SHAW, and WISE, JJ., concur.

. Beavers was tried and convicted for a fifth felony burglary charge in 1985. We affirmed that conviction and his related sentence. See Beavers v. State, 497 So.2d 612 (Ala.Crim.App.1986). Beavers was subsequently paroled, but his parole was revoked for his failure to comply with a term or condition of his parole that he stay out of Houston County, Alabama. We affirmed the revocation of his parole. See Beavers v. State, 666 So.2d 868 (Ala.Crim.App.1995). He filed a Rule 32 petition seeking to challenge his 1985 conviction and sentence, which the trial court and then this Court dismissed. See Beavers v. State (CR-98-1473), 778 So.2d 879 (Ala.Crim.App.1999) (table). After our dismissal, he filed a petition *1197 for a writ of mandamus, contending the trial court should have granted his request for in forma pauperis relief. The Alabama Supreme Court granted his petition. See Ex parte Beavers, 779 So.2d 1223 (Ala.2000).

. Beavers alleged in his prior petition that it "appear[ed)'' that he was 16 years of age at the time the offenses were committed. This court may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).