John Glenn Moss, Jr., was indicted for theft of property in the first degree, see §§ 13A-8-2 and 13A-8-3, Ala. Code 1975.[1]
A jury convicted him of misapplication of property, see §13A-9-51, Ala. Code 1975. He was ordered to pay a $100 fine and court costs.
In his initial brief filed with this Court, Moss presented four issues for review, and the State responded to those four issues in its brief. After reviewing the record, however, we directed the parties to file supplemental briefs addressing a fifth issue:
 "Whether misapplication of property under § 13A-9-51, Ala. Code 1975, the offense for which the appellant was convicted, is a lesser-included offense of theft of property in the first degree under §§ 13A-8-2 and 13A-8-3, Ala. Code 1975, as charged in the appellant's indictment."
In his supplemental brief, Moss argues that misapplication of property requires an additional fact not required for theft of property — namely, that the accused be a fiduciary or that the victim be the government or a financial institution — and that, therefore, misapplication of property is not a lesser-included offense of theft of property as charged in his indictment. The State, on the other hand, argues that misapplication of property is a lesser-included offense of theft of property under the circumstances in this case because, the State says, the evidence presented at trial established that Moss misapplied property under § 13A-9-51, Ala. Code 1975. After considering the arguments presented by the parties, we conclude that misapplication of property under § 13A-9-51, Ala. Code 1975, is not a lesser-included offense of theft of property in the first degree under §§ 13A-8-2 and 13A-8-3, Ala. Code 1975, as charged in Moss's indictment.
At the time the offense in this case allegedly occurred, §13A-8-2, Ala. Code 1975, provided, in pertinent part:
 "A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or *Page 488 
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."[2]
Section 13A-8-3(a), Ala. Code 1975, provided that theft of property that exceeded $1,000 in value constituted theft of property in the first degree.[3]
Moss's indictment charged, in pertinent part:
 "The grand jury of said county charge that, before the finding of this indictment, John Glenn Moss, Jr., whose name is to the grand jury otherwise unknown, did knowingly obtain, by deception, control over $62,200.75 of the lawful currency of the United States of America, the property of Old Rocky Ridge Partners, LLC, a Corporation, with the intent to deprive the owner of said property, in violation of Section 13A-8-3 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama.
 "2nd: The grand jury of said county further charge that before the finding of this indictment, John Glenn Moss, Jr., whose name is to the grand jury otherwise unknown, did knowingly obtain or exert unauthorized control over $62,200.75 of the lawful currency of the United States of America, the property of Old Rocky Ridge Partners, LLC, a Corporation, with the intent to deprive the owner of said property, in violation of Section 13A-8-3 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama."[4]
(C. 10.)
The trial court instructed the jury that misapplication of property under § 13A-9-51, Ala. Code 1975, was a lesser-included offense of theft of property as charged in Moss's indictment. Section 13A-9-51(a), Ala. Code 1975, provides:
 "(a) A person commits the crime of misapplication of property if, with knowledge that he is misapplying and that the misapplication involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted, he misapplies or disposes of property that has been entrusted to him as a fiduciary or that is property of the government or a financial institution."
Section 13A-1-9, Ala. Code 1975, provides, in pertinent part:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or *Page 489 
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
Both parties agree that subsections (a)(2) and (a)(3) are not applicable to this case. The question is whether, under the facts in this case, misapplication of property can be "established by proof of the same or fewer than all the facts required to establish" theft of property in the first degree as charged in Moss's indictment, § 13A-1-9(a)(1), Ala. Code 1975, or whether misapplication of property differs from theft of property in the first degree as charged in Moss's indictment "only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission," § 13A-1-9(a)(4), Ala. Code 1975.
Recently, there has been a plethora of opinions released by both this Court and the Alabama Supreme Court involving the determination of whether one offense is included in another. SeeEx parte Cole, 842 So.2d 605 (Ala. 2002); Johnson v. State,922 So.2d 137 (Ala.Crim.App. 2005); Bradley v. State,925 So.2d 221 (Ala.Crim.App. 2004); Wright v. State, 902 So.2d 720
(Ala.Crim.App.), aff'd, 902 So.2d 738 (Ala. 2004); Childers v.State, 899 So.2d 1023 (Ala.Crim.App. 2003), writ quashed,899 So.2d 1025 (Ala. 2004); and Toliver v. State, 881 So.2d 1070
(Ala.Crim.App. 2003). As explained in Johnson, an opinion released by this Court today, these opinions show that the clear trend in Alabama law is that in determining whether one offense is included in another, the focus is on the statutory elements of the offenses and the facts as alleged in the indictment, not on the evidence presented at trial.
In this case, misapplication of property could not be established by the same or fewer than all the facts required to establish theft of property in the first degree as charged in Moss's indictment. Misapplication of property requires either that the accused be a fiduciary or that the victim be the government or a financial institution. However, the charge of theft of property in the first degree in Moss's indictment does not require that Moss be a fiduciary, and the victim was alleged to be a limited liability company, not the government or a financial institution. Under the circumstances in this case, misapplication of property requires a fact that the charged offense does not — that Moss be a fiduciary. See § 13A-1-9(a)(1), Ala. Code 1975. Furthermore, because misapplication of property requires an additional fact not required by the charged offense, it necessarily does not differ from the charged offense "only
in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission." §13A-1-9(a)(4), Ala. Code 1975 (emphasis added). Therefore, we hold that misapplication of property under § 13A-9-51, Ala. Code 1975, is not a lesser-included offense of theft of property in the first degree under §§ 13A-8-2 and 13A-8-3, Ala. Code 1975, as charged in Moss's indictment.
We stress, however, that our holding today is not that misapplication of property can never be a lesser-included offense of theft of property in the first degree, only that it is not a lesser-included offense under the facts as alleged in the indictment in this case. In doing so, we note that the situation in this case is strikingly similar to the situation in Ex parteCole, which involved the issue whether robbery in the second degree was a lesser-included offense of robbery in the first degree as charged in the indictment. In holding that *Page 490 
robbery in the second degree was not a lesser-included offense of robbery in the first degree as charged in the indictment because the indictment did not allege the additional fact required for robbery in the second degree, namely that the accused was aided in the robbery by another person, the Alabama Supreme Court noted in Ex parte Cole that robbery in the first degree is broad enough to include the fact that the accused was aided in the robbery by another person and that, therefore, an indictment for robbery in the first degree could be amended to add such a fact without running afoul of Rule 13.5(a), Ala. R.Crim.P. Similarly, theft of property in the first degree is broad enough to include the fact that the accused is a fiduciary or that the victim is the government or a financial institution. Thus, an indictment for theft of property in the first degree could be properly amended to add such facts without running afoul of Rule 13.5(a), Ala.R.Crim.P.
However, in this case, the indictment was not amended in compliance with Rule 13.5(a). First, even assuming that the State presented evidence indicating that Moss was a fiduciary,[5]
the presentation of evidence does not constitute "the affirmative act of adding to the indictment [the] fact" necessary to bring misapplication of property within the scope of the indictment.Wright v. State, 902 So.2d 738, 742 (Ala. 2004). Second, although a trial court can amend an indictment through its jury instructions, see Ash v. State, 843 So.2d 213 (Ala. 2002), the court's instructions in this case did not properly amend the indictment. To properly amend the indictment, the trial court was required to instruct the jury that the fact that Moss was a fiduciary was a necessary element of theft of property in the first degree as charged in the indictment. See Jackson v.State, 889 So.2d 49 (Ala.Crim.App. 2004). In this case, the trial court did not instruct the jury that theft of property as charged in the indictment required proof of the fact that Moss was a fiduciary. Instead, the trial court merely instructed the jury that misapplication of property was a lesser-included offense of theft of property. However, instructing the jury on an additional offense not contemplated by the indictment is not a proper amendment. See Wright v. State, 902 So.2d 720
(Ala.Crim.App.), aff'd, 902 So.2d 738 (Ala. 2004). Moreover, although Moss did not object to the trial court's instruction on misapplication of property, a "defendant cannot consent to an amendment that effectively charges an offense not contemplated by the indictment." Ex parte Cole, 842 So.2d at 608.
Because the indictment charging theft of property was never amended in compliance with Rule 13.5(a), Ala.R.Crim.P., to add the fact that Moss was a fiduciary, misapplication of property is not a lesser-included offense of theft of property as charged in Moss's indictment. Therefore, the trial court lacked jurisdiction to adjudge Moss guilty of misapplication of property based on the indictment charging theft of property, and Moss's conviction and sentence for misapplication of property must be reversed. Because we reverse Moss's conviction and sentence, we decline to address the other issues raised by Moss on appeal.
Based on the foregoing, the judgment of the trial court is reversed and this cause *Page 491 
remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] Moss was charged alternatively with obtaining by deception control over the property of another, see § 13A-8-2(2), Ala. Code 1975 (Count I of the indictment), and with obtaining or exerting unauthorized control over the property of another, see §13A-8-2(1), Ala. Code 1975 (Count II of the indictment).
[2] Section 13A-8-2, Ala. Code 1975, was amended effective September 1, 2003, to add "or she," "or her" in two places, and to add what is now subdivision (3); it was further amended effective April 27, 2004, to add what is now subdivision (4).
[3] Section 13A-8-3(a), Ala. Code 1975, was amended effective September 1, 2003, to increase the value of the property required for first-degree theft from $1,000 to $2,500.
[4] The indictment was amended pursuant to Rule 13.5(a), Ala.R.Crim.P., to remove the words "a Corporation" in both counts of the indictment.
[5] In one of the issues presented in his initial brief, Moss argues that the State failed to prove that he was a fiduciary. Because of our resolution of this case, we need not address that issue, and we express no opinion as to the sufficiency of the evidence in that regard.