Cardell Crayton appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his November 2001 guilty-plea convictions for one count of attempted murder, one count of robbery in the first degree, and one count of theft of property in the third degree, and his resulting sentences of 25 years' imprisonment each for the attempted-murder and robbery convictions, and 12 months' imprisonment for the theft conviction.[1] Crayton did not appeal.
Crayton filed his petition on July 7, 2005. In his petition, Crayton alleged that *Page 977 
his convictions for both robbery in the first degree and theft in the third degree violated double-jeopardy principles because, he said, under the facts in his case, theft was a lesser-included offense of robbery.[2] After receiving a response from the State, the circuit court summarily denied Crayton's petition on August 12, 2005.
Section 13A-1-8(b)(1), Ala. Code 1975, provides:
 "(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "(1) One offense is included in the other, as defined in Section 13A-1-9."
(Emphasis added.) Section 13A-1-9(a), Ala. Code 1975, provides:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interests, or a lesser kind of culpability suffices to establish its commission."
"[I]n determining whether one offense is included in another, the trend of recent Alabama decisions is to focus on the statutory elements of the offenses and the factual allegations actually included in the indictment, rather than on the evidence or factual basis the State presents at trial or during the guilty-plea colloquy." Johnson v. State, 922 So.2d 137,141 (Ala.Crim.App. 2005). See also Moss v. State,929 So.2d 486, 489 (Ala.Crim.App. 2005) ("[T]he clear trend in Alabama law is that in determining whether one offense is included in another, the focus is on the statutory elements of the offenses and the facts as alleged in the indictment, not on the evidence presented at trial.").
Section 13A-8-41(a)(1), Ala. Code 1975, provides that "[a] person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he . . . [i]s armed with a deadly weapon or dangerous instrument." Section 13A-8-43(a), Ala. Code 1975, provides:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." *Page 978 
At the time of the crime in this case § 13A-8-2(1), Ala. Code 1975, provided that "[a] person commits the crime of theft of property if he . . . [k]nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property," and § 13A-8-5(a), Ala. Code 1975, provided that "the theft of property which does not exceed $250.00 in value and which is not taken from the person of another constitutes theft of property in the third degree."[3]
The indictments in this case, which Crayton attached to his petition to support his claim, charged:
 "The Grand Jury of said County charge that before the finding of this indictment, CARDELL CRAYTON did, in the course of committing or attempting to commit a theft of property, to-wit: gasoline, bologna and unknown quantity of United States Currency, a better description of which is to the Grand Jury otherwise unknown, the property of Douglas Terry, doing business as Terry's Grocery, use force, or threaten the imminent use of force, against the person of Douglas Terry, with intent to overcome his physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with said property, while CARDELL CRAYTON was armed with a deadly weapon or dangerous instrument, to-wit: a gun and a box cutter, in violation of Section 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 19.)
 "The Grand Jury of said County charge that before the finding of this indictment, CARDELL CRAYTON did knowingly obtain or exert unauthorized control over a quantity of gasoline, the property of Douglas Terry, doing business as Terry's Grocery, of a value not in excess of $250.00, with the intent to deprive the owner of said property, in violation of Section 13A-8-5 of the Code of Alabama, against the peace and dignity of the State Alabama."
(C. 21.)
Based on the statutory elements of the crimes and the facts alleged in the indictments, it is clear that the theft forming the basis for the theft charge was the same theft underlying the robbery charge. Therefore, theft of property in the third degree as charged in Crayton's indictment is a lesser-included offense of robbery in the first degree as charged in Crayton's indictment. See Young v. State, 892 So.2d 988
(Ala.Crim.App. 2004) (holding that theft of property in the third degree was a lesser-included offense of robbery in the first degree where the charges arose from the same conduct). See alsoDeardorff v. State, [Ms. CR-01-0794, June 25, 2004] ___ So.2d ___ (Ala.Crim.App. 2004) (holding that theft of property was a lesser-included offense of murder made capital because it was committed during the course of a robbery), and Turner v.State, 924 So.2d 737 (Ala.Crim.App. 2002) (same). Accordingly, Crayton's convictions for both robbery in the first degree and theft of property in the third degree based on the same underlying theft violated the principles of double jeopardy. Moreover, this type of double-jeopardy transgression implicates the jurisdiction of the trial court.[4] *Page 979 
See Straughn v. State, 876 So.2d 492
(Ala.Crim.App. 2003).
Therefore, the circuit court's summary denial of Crayton's Rule 32 petition as it relates to the theft conviction is reversed and this cause remanded for the circuit court to vacate Crayton's conviction and sentence for theft of property in the third degree.
REVERSED AND REMANDED.
MCMILLAN, P.J., and COBB and BASCHAB, JJ., concur.
WISE, J., concurs in the result.
[1] As part of the same plea proceeding, Crayton also pleaded guilty to one count of resisting arrest. He does not challenge that conviction in his Rule 32 petition.
[2] Crayton also alleged in his petition that his convictions for both attempted murder and robbery in the first degree violated double-jeopardy principles because, he said, they arose out of a single transaction. However, Crayton does not pursue that claim in his brief on appeal; therefore, it is deemed to be abandoned and will not be considered by this Court. See, e.g.,Brownlee v. State, 666 So.2d 91, 93
(AIa.Crim.App. 1995) ("We will not review issues not listed and argued in brief.").
[3] Both § 13A-8-2 and § 13A-8-5 were amended in 2003; § 13A-8-2 was again amended in 2004.
[4] We recognize that Crayton raised this same double-jeopardy claim in a previous Rule 32 petition. However, because the claim is jurisdictional, it is not subject to the procedural bars in Rule 32.2. See Beavers v. State,935 So.2d 1195, 1198 (Ala.Crim.App. 2004), quoting Jones v.State, 724 So.2d 75, 76 (Ala.Crim.App. 1998) (Jurisdictional claims are "not precluded by the limitations period or by the rule against successive petitions."). We likewise recognize that this Court affirmed the circuit court's denial of Crayton's previous petition, holding that Crayton's convictions did not violate double-jeopardy principles. SeeCrayton v. State (No. CR-03-0316), 910 So.2d 839
(Ala.Crim.App. 2004) (table). Upon further review, we conclude that our previous holding was incorrect.
 *Page 513