JOINER, Judge.
Donald Richard Day appeals his conviction for second-degree sexual abuse, see § 13A-6-67(a)(2), Ala.Code 1975. For the reasons stated below, we reverse and remand.
By way of an indictment the State charged that Day, “being sixteen years of age or older, did knowingly subject [J.L.S.], who at the time was less than twelve years of age, to sexual contact, to-wit: fondling her vagina with his hands, in violation of § 13A-6-66(a)(3) of the Code of Alabama.”[1] (C. 22.)
After the State presented its case-in-chief, Day moved the circuit court for a judgment of acquittal on the basis that “there [was] no testimony that [Day] fondled [J.L.S.’s] vagina when she was under the age of twelve.” (R. 123.) The State agreed, but asserted that it had proved what it considered a lesser-included offense — second-degree sexual abuse. (R. 123.) In response, Day asserted that if the circuit court “grantfs] the judgment of acquittal then ... the case is over.” (R. 124.) The circuit court granted the motion for a judgment of acquittal, but allowed the trial “to go forward” on second-degree sexual abuse. (R. 125.) After the circuit court charged the jury but before the jury began its deliberations, Day objected to the second-degree-sexual-abuse instruction and again moved for a judgment of acquittal on the basis that second-degree sexual abuse was not a lesser-ineluded offense of first-degree sexual abuse. (R. 325.) The circuit court denied the motion, and the jury returned a verdict finding Day guilty of second-degree sexual abuse. (R. 326-27.)
*170 On appeal, Day argues that the jury was improperly instructed on second-degree sexual abuse. (Day’s brief, pp. 9-10.) The State agrees that “the two offenses based on the ages of the victims are separate and distinct crimes each requiring proof of a certain age that the other does not require” and recognizes, “given the evidence, that Day stands convicted of an offense for which he was not charged.” (State’s brief, p. 11.)
The question presented to this Court is purely a question of law; thus, we review it de novo. Ex parte Peralta, 897 So.2d 1227, 1231 (Ala.2004).
Day was charged with first-degree sexual abuse, and the code section defining that offense states: “A person commits the crime of sexual abuse in the first degree if ... he, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.” § 13A-6-66(a)(3), Ala.Code 1975. Day was convicted, however, of second-degree sexual abuse, and the code section defining that offense states:
“(a) A person commits the crime of sexual abuse in the second degree if:
[[Image here]]
“(2) He, being 19 years old or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old.”
§ 13A-6-67(a)(2), Ala.Code 1975.
In Alabama, “Specification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein.” Rule 13.2(c), Ala. R.Crim. P. Regarding lesser-included offenses, § 13A-1-9, Ala.Code 1975, states:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
“(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
“(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
“(3) It is specifically designated by statute as a lesser degree of the offense charged; or
“(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.”
Day argues, and we agree, that with respect to this case second-degree sexual abuse under § 13A-6-67(a)(2) does not require the same or fewer facts to establish the commission of first-degree sexual abuse under § 13A-6-66(a)(3), but different and additional facts. Likewise, with respect to this ease, second-degree sexual abuse under § 13A-6-67(a)(2) is not “an attempt or solicitation to commit the offense charged or to commit a lesser-included offense”; it is not “specifically designated by statute as a lesser degree of the offense charged”; and it does not “differ ... only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.” § 13A-l-9(a)(l)-(4), Ala. Code 1975.
As it pertains to this case, second-degree sexual abuse under § 13A-6-67(a)(2), Ala.Code 1975, is not a lesser-included offense of § 13A-6-66(a)(3), Ala.Code 1975. See generally Allen v. State, 472 So.2d 1122, 1125-26 (Ala.Crim.App.1985) (“The age factor necessarily distinguishes these two offenses and makes them separate and distinct crimes. The offenses of first and *171 second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape.”). Accordingly, the circuit court should not have charged the jury on second-degree sexual abuse, and Day was unlawfully convicted of the offense.
Therefore, we reverse Day’s conviction and sentence and remand this matter for proceedings consistent with this opinion.[2] We note that the circuit court granted Day’s motion for a judgment of acquittal on the indicted offense of first-degree sexual abuse; thus Day, having been acquitted of that offense, cannot be retried for that offense. Wright v. State, 902 So.2d 720, 722-23 (Ala.Crim.App.2004).
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and BURKE, JJ., concur.
KELLUM, J., concurs in the result.

. On appeal, Day asserts that ‘‘[t]he indictment ... had erroneous [wording]” because, he says, the indictment charged Day with "a violation of section 13A-6-66(a)(3), which is no longer a code section in the Code of Alabama." (Day's brief, p. 9.) According to Day, he should have been indicted under § 13A-6-69.1, Ala.Code 1975. Likewise, the State on appeal references § 13A-6-69.1, Ala.Code 1975, not § 13A-6-66(a)(3), Ala.Code 1975.
"It is well settled that the law in effect at the time of the commission of the offense controls the prosecution.” Minnifield v. State, 941 So.2d 1000, 1001 (Ala.Crim.App.2005). Day was accused of sexual contact with a victim who, at the time of the offense, was less than 12 years of age; the victim, J.L.S., was born in 1992, and thus, was less than 12 until sometime in 2004. Section 13A-6-66(a)(3), Ala.Code 1975, was in effect during this time and, accordingly, was the proper section under which to charge Day.

. Because we reverse his conviction and sentence based on the lesser-included offense rational, we do not address the other issue he raises on appeal.