KELLUM, Judge,
concurring in part and concurring in the result.
I concur in all parts of the majority’s unpublished memorandum except Part III. As to Part III, for the reasons that follow, I concur only in the result.
In this, what appears to be his fifth, Rule 32, Ala. R.Crim. P., petition for post-conviction relief,[1] Marshall Cois Knop chal *239 lenged his 1989 convictions for two counts of first-degree kidnapping and one count of first-degree burglary and his resulting sentences of 30 years’ imprisonment for each conviction. In his petition, Knop alleged, among other things, that the trial court lacked jurisdiction to render the judgments or to impose the sentences because, he said, neither the jury venire nor the petit jury was properly sworn. This claim is, as the majority recognizes, jurisdictional. See Brooks v. State, 845 So.2d 849, 851 (Ala.Crim.App.2002) (“[A] claim that no oath was administered at all — i.e., the jury venire and the petit jury were not sworn — would be a jurisdictional issue.”). The majority concludes, nonetheless, that this claim is precluded as successive under Rule 32.2(b), Ala. R.Crim. P., pursuant to the Alabama Supreme Court’s opinion in Ex parte Trawick, 972 So.2d 782 (Ala. 2007), because Knop raised this same claim in one of his previous petitions, and the claim was denied on its merits. I agree with the majority that Rnop’s claim is precluded as successive, but not because the claim was previously decided on its merits.
Rule 32.2(b), Ala. R.Crim. P., provides:
“If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.”
“Rule 32.2(b) creates a two-pronged approach to addressing successive petitions.” Ex parte Trawick, 972 So.2d at 783. First, Rule 32.2(b) mandates that “[t]he court shall not grant relief on &■ successive petition on the same or similar grounds on behalf of the same petitioner.” Second, if a ’postconviction claim was not raised in a previous petition, Rule 32.2(b) mandates that the court deny the petition unless the new claim is jurisdictional or the petitioner establishes both that good cause exists why the new ground was not known or could not have been ascertained through reasonable diligence when the first petition was heard and that failure to entertain the petition will result in a miscarriage of justice.
The general rule in Alabama is that a jurisdictional claim is not subject to the successive-petition bar in Rule 32.2, regardless of whether the claim falls under the first prong of Rule 32.2(b) — having been raised in a previous petition — or the second prong of Rule 32.2(b) — not having been raised in a previous petition.[2] See, e.g., Ex parte Robey, 920 So.2d 1069, 1071 (Ala.2004); Patton v. State, 964 So.2d 1247, 1248 (Ala.Crim.App.2007); Abrams v. State, 978 So.2d 794, 796 (Ala.Crim.App. 2006); Skinner v. State, 987 So.2d 1172, *240 1175 (Ala.Crim.App.2006); Crayton v. State, 949 So.2d 976, 978 n. 4 (Ala.Crim. App.2006); Beavers v. State, 935 So.2d 1195, 1198 (Ala.Crim.App.2004); Grady v. State, 831 So.2d 646, 648 (Ala.Crim.App. 2001); Mitchell v. State, 777 So.2d 312, 313 n. 2 (Ala.Crim.App.2000); Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App.1998); and McHarris v. State, 678 So.2d 258, 259 (Ala. Crim.App.1995) (all recognizing that jurisdictional claims are not subject to the rule against successive petitions).' However, in Ex parte Trawick, the Alabama Supreme Court carved out an exception to this general rule as it applies to, the first prong in Rule 32.2(b). The Court held that “[although our cases have previously stated that jurisdictional claims cannot be precluded as ‘successive,’ that, exception to Rule 32.2(b) applies only to jurisdictional claims not previously raised and adjudicated on the merits.” 972 So.2d at 784.
In this case, it is undisputed that Knop raised in one of his previous petitions the same jurisdictional claim he now raises— that neither the jury venire nor the petit jury was properly sworn — and that Knop received a hearing on that petition. However, Knop’s jurisdictional claim was . not “adjudicated on the merits” as required by Ex parte Trawick. In the order denying the previous petition, which order Knop himself attached to the present Rule 32 petition, the circuit court addressed Knop’s claim as follows:
“As to the fact .of the jury being sworn or not sworn the defendant presented no evidence; this matter could have been raised at trial or upon appeal; and the defendant’s claim ⅛( not supported by any.evidence submitted. The ground raised by the defendant based upon the jury failing to be sworn is1 hereby found in favor of the’ State and is denied.”
(C. 60.) -The circuit court did not make a finding on the merits of Knop’s claim in the previous petition. “Merits” is defined in Black’s Law Dictionary 1139 (10th ed.2014), in relevant part,- as “the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points, esp. of procedure.” The court 'made no finding That the jury venire and/or the petit jury were,in fact, properly sworn. Rather, the court denied the claim on grounds of procedure,finding that the claim was precluded by Rules 32.2(a)(3) and (a)(5)’ and that Knop had failed to satisfy his burden of proof. A finding that a petitioner-failed to satisfy his or her burden of proof as to a postcon-viction claim is' not the equivalent of an adjudication' of that claim1 on the merits. Therefore, I do not agree with the majority that the exception carved out in Ex parte Trawick to the general rule that jurisdictional claims aré not subject to the successive-petition bar in Rule 32.2 is applicable in this case.
That being said, I believe it is appropriate for this Court to carve out a second exception to the general rule- that a jurisdictional claim is not subject' to Rule 32.2(b) — that is, that a jurisdictional claim raised in a previous postconviction petition is precluded as successive under the first prong in Rule 32.2(b) if the petitioner was afforded an opportunity to prove the claim in the previous proceeding and was found to have failed to satisfy his or her burden of proof. As I noted in my dissent in Abercrombie v. State, [Ms. CR-13-0125, June 13, 2014] — So.3d-,-(Ala. Crim.App.2014) (Kellum, J., dissenting): “Rule 32 petitioners are not entitled to multiple opportunities to prove postconviction claims.” To allow postconviction petitioners to raise the same jurisdictional claim repeatedly in multiple Rule 32 petitions and to be afforded multiple opportunities ⅛ prove that claim simply because the claim is classified as “jurisdictional” and because the circuit court, in a previous *241 petition, chose to deny the claim based on a failure of proof (which is perfectly permissible) instead of making a finding on the merits of the claim,, is a waste of scarce judicial resources and certainly does not serve the purpose behind the general rule excepting jurisdictional claims from the preclusive effect of Rule 32.2(b). Of course, if a Rule 32 petitioner is able to demonstrate that a second or subsequent opportunity to prove a jurisdictional claim is warranted on the ground of newly discovered evidence, then the petitioner should be given the opportunity to present the newly discovered evidence to prove the jurisdictional claim.[3] In this case, however, Knop did not allege that he had newly discovered evidence regarding his jurisdictional claim that was unknown to him at the time of his previous petition and could not have been discovered through the exercise of reasonable diligence and presented at the hearing on his previous petition.
Because Knop raised this same jurisdictional claim in a previous petition and was given an opportunity to prove the claim but failed to satisfy his burden of proof, and because Knop failed to establish that he had newly discovered evidence to support his claim, I agree that Knop’s claim is precluded as successive under the first prong of Rule 32.2(b), and that the circuit court’s summary dismissal of this claim was appropriate.

. Knop appealed only the denial of his first petition, which this Court affirmed. See Knop v. State (No. CR-94-2046), 682 So.2d 530 (Ala.Crim.App.1995) (table).

. I note that this general rule — created solely through caselaw — is not based on the plain language in Rule 32.2(b). Only under the second prong — when the claim has not been raised in a previous petition — is a jurisdictional claim specifically excepted from the preclu-sive effect of Rule 32.2(b). The plain language of the first prong of Rule 32.2(b) makes no exception for jurisdictional claims.

. Because the vast- majority of truly jurisdictional defects are evident on the face, of the trial record, it would be an exceedingly rare case in which a Rule 32 petitioner would be able to find genuine newly discovered evidence to prove a jurisdictional claim only after his or her first opportunity to prove that claim. ,